UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| WILLIAM H. DALY, <br><br> Plaintiff, <br><br> vs. <br><br> CORRECTIONAL OFFICER COMRIE, CORRECTIONAL OFFICER AT PENNINGTON COUNTY JAIL, INDIVIDUAL AND OFFICIAL CAPACITY, <br><br> Defendant. | 5:22-CV-05051-RAL <br><br> OPINION AND ORDER DENYING RECONSIDERATION OR AMENDMENT IN DISMISSED CASE AND DISMISSING WITHOUT PREJUDICE NEWLY OPENED CASE |
| WILLIAM H. DALY, <br><br> Plaintiff, <br><br> vs. <br><br> BRIAN MUELLER, SHERIFF OF RAPID CITY AT PENNINGTON COUNTY JAIL, INDIVIDUAL AND OFFICIAL CAPACITY; COMRIE, CORRECTIONAL OFFICER AT PENNINGTON COUNTY JAIL, INDIVIDUAL AND OFFICIAL CAPACITY; TREY SAVAGE, DENTIST/DOCTOR AT PENNINGTON COUNTY JAIL, INDIVIDUAL AND OFFICIAL CAPACITY; EDWARDS, SEARGENT AT PENNINGTON COUNTY JAIL, INDIVIDUAL AND OFFICIAL CAPACITY, <br><br> Defendants. | 5:23-CV-05033-RAL |

Plaintiff William H. Daly filed a pro se lawsuit under 42 U.S.C. § 1983. Doc. 1.[1] This Court screened Daly's complaint under § 1915A, dismissing all claims except for the excessive force claim against Comrie in his individual and official capacity. Doc. 11. Comrie then filed a motion to dismiss. Doc. 20. This Court treated Comrie's motion to dismiss as a motion for summary judgment because of the medical record and videos attached to the motion. See Doc. 24. This Court granted Comrie's motion for summary judgment, and judgment was entered against Daly and in favor of Comrie. Docs. 27, 28. Daly then filed an amended complaint, which was docketed as a new complaint under a new case number. See Daly v. Mueller, 5:23-CV-05033-RAL, Doc. 1. Daly also filed a declaration, a request for production and inspection of documents, and a motion for extension of time to respond to Comrie's motion for summary judgment, all of which were docketed under the new case number. Daly v. Mueller, 5:23-CV-05033-RAL, Docs. 2–4. Daly included the case number of his original case on all four filings. Daly v. Mueller, 5:23-CV-05033-RAL, Docs. 1–4. This Court construes Daly's filings as a motion to reconsider the order granting summary judgment to Comrie and as a motion to amend his complaint.

The United States Court of Appeals for the Eighth Circuit has traditionally instructed courts to consider motions for reconsideration either under Rule 59(e) or Rule 60(b). See Sanders v. Clemco Indus., 862 F.2d 161, 168 (8th Cir. 1988). Rule 59(e) does not specify the standards for alteration or amendment. See Fed. R. Civ. P. 59(e). In the Eighth Circuit, a court must find a "manifest error[]" of law or fact in its ruling to alter or amend its judgment under Rule 59(e). See Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988) (internal quotation omitted). But Rule 59(e) motions may not be used to introduce evidence, tender new legal theories, or raise

---

[1] This order will refer to docket entries in Daly v. Thom, 5:22-CV-05051-RAL, by docket number only. Docket entries in Daly v. Mueller, 5:23-CV-05033-RAL, will be referred to by case name, case number, and docket number.

arguments that could have been offered or raised prior to the entry of judgment. Id. A party may also move to alter or amend judgment to present newly discovered evidence. Id.

A motion to alter or amend a judgment under Rule 59(e) must be brought "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). This Court entered judgment against Daly on April 18, 2023. Doc. 28. Daly filed his amended complaint on May 23, 2023, outside the 28-day window provided by Rule 59(e). See Daly v. Mueller, 5:23-CV-05033-RAL, Doc. 1. In Houston v. Lack, the Supreme Court of the United States established the "prison mailbox rule," now codified in Federal Rule of Appellate Procedure 4(c)(1), when it held that a "notice of appeal [is] filed at the time [the] petitioner deliver[s] it to the prison authorities for forwarding to the court clerk." Houston v. Lack, 487 U.S. 266, 276 (1988). The Eighth Circuit has extended the prison mailbox rule "to a motion which, under [Federal Rule of Appellate Procedure] 4(a)(4), tolls the time for the filing of a notice of appeal." United States v. Duke, 50 F.3d 571, 575 (8th Cir. 1995). A motion to amend or alter a judgment under Rule 59 is such a motion. Fed. R. App. P. 4(a)(4)(A)(iv). Daly's amended complaint is dated May 4, 2023, and thus falls within the 28-day window of Rule 59(e).[2]

Daly's claim that survived screening stemmed from an alleged excessive use of force by Comrie. Doc. 11 at 9–10, 19. Daly alleged that he reached for a biscuit on Comrie's tray in the cafeteria and that Comrie grabbed his hand, twisted his wrist, and hit him, causing him injury. Id.

---

[2] Under Federal Rule of Appellate Procedure 4(c)(1), "[i]f an institution has a system designed for legal mail, an inmate confined there must use that system to receive the benefit of this Rule[.]" Fed. R. App. P. 4(c)(1). Federal Rule of Appellate Procedure 4(c)(1)(A) sets out additional rules that require the inmate to show the date of deposit and proof of prepaid postage. Fed. R. App. P. 4(c)(1)(A). Although Daly did not show the date of deposit and proof of prepaid postage, his amended complaint was filed while in custody at the Pennington County Jail. See Daly v. Mueller, 5:23-CV-05033-RAL, Doc. 1 at 1. Thus, this Court assumes that the amended complaint was sent via legal mail and falls under the Eighth Circuit's expansion of the prison mailbox rule.

3

at 10. In granting summary judgment to Comrie, this Court found from video of the incident that the force used was minimal. Doc. 27 at 7. Any injury caused to Daly was mild as well. Id. Because no constitutional violation occurred, this Court found that Comrie was entitled to summary judgment. Id. at 7–8.

In his original complaint, Daly brought a claim for inadequate medical care, alleging that Pennington County medical staff failed to provide him with dental care. See Doc. 1 at 8–9. This claim did not survive screening. Doc. 11 at 11–13, 19. Daly provides more detail regarding this claim in his amended complaint. Daly v. Mueller, 5:23-CV-05033-RAL, Doc. 1 at 9. He names Doctor Trey Savage, the medical provider who he alleges failed to timely provide him with dental care, and Sgt. Edwards, a Pennington County Jail official, as new defendants, and replaces former Pennington County Sheriff Kevin Thom with current Pennington County Sheriff Brian Mueller. See id. at 1–2. Daly's Fourteenth Amendment due process claims[3] for deliberate indifference to serious medical needs were dismissed without prejudice at the screening stage because Daly did not allege that the individual defendants were aware of and deliberately indifferent to his serious medical needs and because Daly did not seek injunctive relief that would address his serious medical needs as required to bring official capacity claims. Doc. 11 at 11–13. Daly's amended complaint provides no newly discovered evidence and makes no arguments regarding Comrie's use of force. Daly v. Mueller, 5:23-CV-05033-RAL, Doc. 1. Thus, Daly fails to show that this Court made a manifest error in its order granting summary judgment to Comrie.

---

[3] Because Daly was a pretrial detainee at the time that he filed this lawsuit, his claims of deliberate indifference to serious medical needs were analyzed under the Fourteenth Amendment's due process protections rather than under the Eighth Amendment. See Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citing Johnson-El v. Schoemehl, 878 F.2d 1043, 1048 (8th Cir. 1989)).

4

Nor is Daly afforded any relief under Rule 60(b). Rule 60(b) authorizes a court to relieve a party from a final judgment or order under the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Daly argues that Pennington County Jail officials denied him the opportunity to review evidence. Doc. 25 at 4. In his motion for extension of time, Daly states that he "is pro se and as such lacks the professional experience required to combat defendant's Motion for Summary Judgment within the original allotted time." Daly v. Mueller, 5:23-CV-05033-RAL, Doc. 5 at 1. Thus, this Court construes Daly's motion as a motion for reconsideration under Rule 60(b)(3) and Rule 60(b)(6).

To prevail under Rule 60(b)(3), the moving party must show that the nonmoving party "engaged in fraud or other misconduct and that this conduct prevented [the moving party] from fully and fairly presenting its case." In re Levaquin Prods. Liab. Litig., 739 F.3d 401, 404 (8th Cir. 2014) (quoting E.F. Hutton & Co. v. Berns, 757 F.2d 215, 216–17 (8th Cir. 1985)). Rule 60(b)(6) relief is only appropriate in " 'extraordinary circumstances' justifying the reopening of a final judgment." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (quoting Ackermann v. United States, 340 U.S. 193, 199 (1950)). "In determining whether extraordinary circumstances are present, a court may consider a wide range of factors. These may include, in an appropriate case, 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.' " Buck v. Davis, 137 S. Ct. 759, 778 (2017) (quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864 (1988)); see also Harley v. Zoesch, 413 F.3d 866,

871 (8th Cir. 2005) ("Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." (citation omitted)). Thus, under both Rule 60(b)(3) and Rule 60(b)(6), Daly must show that he has been denied a full and fair opportunity to litigate his claim.

Here, Daly makes no showing that he has been denied an opportunity to litigate his claim. Defendant filed his motion to dismiss for failure to state a claim, considered a motion for summary judgment by this Court, on January 25, 2023. See Doc. 20. Daly moved for an extension of time to respond until April 1, 2023, and this Court granted Daly an extension until April 3, 2023. Docs. 23, 24. Daly then filed his response to defendant's motion on April 7, 2023.[4] This Court considered Daly's response in its order granting summary judgment to Comrie and did not address its timeliness in that order. See Doc. 27. In his response, Daly "contest[ed] the authenticity of the videos and documents the defendant . . . embrac[ed]" because he claimed that he was "not free to present evidence in rebuttal to challenge the videos, documents, and records" cited by the defense. Doc. 25 at 4. He cites an "unresolved dispute" regarding his access to video of the alleged use of force. Id. In a declaration filed on April 10, 2023,[5] Daly argues that he was provided a copy of the video but denied an opportunity to review it by Pennington County Jail officials because they would not provide him with a laptop. Doc. 26 at 1–2. Regardless of his ability to view the video, Daly put forth no evidence that the video was altered in any way and made no argument regarding its authenticity. See Doc. 25 at 4. Daly also made no argument that he was denied the ability to properly dispute his inability to view the

---

[4] Daly's response is dated April 2, 2023, but was not received by this Court until April 7, 2023.
[5] Daly's declaration is also dated April 2, 2023.

video through the discovery process. See id. Thus, Daly fails to allege extraordinary circumstances, and his motion for reconsideration is denied.

To the extent that Daly seeks to amend his complaint in his original lawsuit or extend the time to respond to defendant's motion for summary judgment, those motions are denied as moot. Because this Court does not construe Daly's filing of an amended complaint as an attempt to file a new complaint, his complaint in Daly v. Mueller, 5:23-CV-05033-RAL, is dismissed without prejudice. If Daly wishes to file a new lawsuit regarding the additional allegations in his amended complaint, he is free to do so to the extent that the new lawsuit does not bring claims already dismissed in his original lawsuit.

Accordingly, it is

ORDERED that Daly's motion for reconsideration, Daly v. Mueller, 5:23-CV-05033-RAL, Doc. 1, is denied. It is further

ORDERED that Daly's motion to amend his complaint, Daly v. Mueller, 5:23-CV-05033-RAL, Doc. 1, is denied as moot. It is further

ORDERED that Daly's motion for extension of time, Daly v. Mueller, 5:23-CV-05033-RAL, Doc. 5, is denied as moot. It is finally

ORDERED that Daly's complaint, Daly v. Mueller, 5:23-CV-05033-RAL, Doc. 1, is dismissed without prejudice.

DATED July 10, 2023.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE