UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| WILLIAM H. DALY,<br><br>Plaintiff,<br><br>vs.<br><br>CORRECTIONAL OFFICER COMRIE, CORRECTIONAL OFFICER AT PENNINGTON COUNTY JAIL, INDIVIDUAL AND OFFICIAL CAPACITY,<br><br>Defendant. | 5:22-CV-05051-RAL<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION TO APPEAL WITHOUT PREPAYMENT OF FEES AND REQUIRING AN INITIAL PARTIAL FILING FEE |

Plaintiff William H. Daly filed a pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. This Court screened Daly's complaint under § 1915A, dismissing all claims except the excessive force claim against Comrie in his individual and official capacity. Doc. 11. On April 18, 2023, summary judgment was entered in favor of Defendant and against Daly. Doc. 27. Daly filed a notice of appeal. Doc. 30. Daly now moves to appeal without prepayment of fees and has filed a prisoner trust account report. Docs. 31, 32.

Under the Prison Litigation Reform Act (PLRA), a prisoner who "files an appeal in forma pauperis . . . [is] required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This obligation arises "the moment the prisoner . . . files an appeal." Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (quoting In re Tyler, 110 F.3d 528, 529–30 (8th Cir. 1997)). "[W]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." Id. (quoting McGore v.

Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997)). "[P]risoners who appeal judgments in civil cases must sooner or later pay the appellate filing fees in full." Id. (footnote and citation omitted).

In Henderson, the Eighth Circuit set forth "the procedure to be used to assess, calculate, and collect" appellate filing fees in compliance with the PLRA. 129 F.3d at 483. First, the court must determine whether the appeal is taken in good faith. Id. at 485 (citing 28 U.S.C. § 1915(a)(3)). Then, so long as the prisoner has provided the court with a certified copy of his prisoner trust account, the court must "calculate the initial appellate partial filing fee as provided by § 1915(b)(1), or determine that the provisions of § 1915(b)(4) apply." Id. The initial partial filing fee must be 20 percent of the greater of:

(A) the average monthly deposits to the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1). Nonetheless, no prisoner will be "prohibited from . . . appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4). It appears that Daly's appeal is taken in good faith. Because his prisoner trust account report, Doc. 32, shows an average monthly deposit of $43.00 and an average monthly balance of $88.33, the Court finds that § 1915(b)(1) applies. Daly must pay an initial appellate partial filing fee of $17.66 by **September 13, 2023**.

Therefore, it is hereby

ORDERED that Daly's motion for leave to proceed in forma pauperis on appeal, Doc. 31, is granted. Daly must pay an initial appellate partial filing fee of $17.66 by **September 13, 2023**. It is finally

ORDERED that the institution having custody of Daly is directed that whenever the amount in Daly's trust account, exclusive of funds available to him in his frozen account, exceeds $10, monthly payments that equal 20 percent of the funds credited to the account the preceding

2

month shall be forwarded to the United States District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the appellate filing fee of $505 is paid in full.

DATED August 14th, 2023.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE